BRUNOT, Justica
 

 This is an appeal from a judgment recalling a rule to show cause why a preliminary injunction should not issue, and dismissing the suit at the plaintiffs’ cost.
 

 By authority of Act No. 16 of the Extra Session of the Legislature for the year 1917. and in observance of the procedure prescribed by section 3369 of the Revised Statutes, the police jury of the parish of Iberia adopted a resolution, the preamble and pertinent part of which are as follows:
 

 “Whereas the Government of the United States has undertaken and proposes to extend
 
 *878
 
 a certain lateral of the Intracoastal Canal passing through the Parish of Iberia from or near the Village of Delcambre to Lake Peigneur, thus making such extension a part of the Intracoastal canal system traversing a portion of the State of Louisiana, and
 

 “Whereas, it is the purpose of the Police Jury of the Parish of Iberia, acting under the provisions of Act 16 of 1917, to acquire a right of way for the purpose of cutting said canal, and to deed said property to the Government of the United States, and
 

 “Whereas, the Police Jury of Iberia Parish has not been able to come to any agreement with the heirs of Mrs. Fannie Loughridge, and the Jefferson Lake Oil Company, Inc., with reference to the quantity of land to toe expropriated for said purpose, and the price to be paid therefor,
 

 “Be It Resolved that Egnace Broussard, Sylvie Miguez, Joe Boudreaux, Joe Derouen, Albert Delcambre and Joseph Hebert, all residents of the Parish of Iberia, Louisiana, be and they are hereby appointed as a Jury of Freeholders for the purpose of laying out a course and determining the quantity .of land necessary to be expropriated for the purpose of the right of way for said canal and dumping privilege, and to assess the damages, if any,” etc.
 

 After notice, in the manner required by law, to the several owners, in indivisión, of the property affected, the jury of freeholders met, took the required oath, and filed with the police jury its report, from which we quote the following:
 

 “We, the undersigned said Jury of Freeholders, of and acting for and in behalf of the Police Jury of Iberia Parish, Louisiana, duly appointed as aforesaid, and having taken the oath prescribed by law do now proceed to lay out the said right-of-way of servitude or easement through and across the lands hereinafter described, as per map of survey made thereof by the War Department, Corps of En-, gineers, United States Army, dated United. States Engineers’ Office, New Orleans, Louisiana, August loth, 1931, and which map is accepted as a correct sketch of the course of the said right-of-way, or easement, and adopted and made a part of these proceedings, a copy of which is hereto annexed and made a part hereof, after having been dated June 12th, 1934, and paraphed ‘Ne Varietur’ and signed by each of us to identify the same with these proceedings, and which property is described as follows, to-wit: * * *
 

 “We, the said Jury of Freeholders, duly appointed and convened as aforesaid, do now adopt the course laid out by the said Engineers in accordance with the said map, as the best; shortest, and most appropriate right-of-way, or course, for the said lateral of the In-' tracoastal Canal passing near the village of' Delcambre to Lake Peigneur, and we do, therefore, hereby condemn and expropriate to and in the name of the Police Jury of Iberia Parish, Louisiana, and to be by that body grant-ted to the United States of America for a right-of-way for the Construction and improvement of that lateral to the Intracoastal Canal passing through or near the village of Delcambre to Lake Peigneur a strip of land three hundred (300) feet wide extending one hundred fifty (150) feet on each side of the center line of said lateral to the Intraeoastal Canal from the southern boundary of the said property where it presently intersects
 
 *880
 
 the Delcambre Drainage Canal, indicated by the letter ‘A’ on the said plat, running North along said lateral canal to the mouth of the Delcambre Drainage at Lake Peigneur; this condemned and expropriated strip of three hundred (300) feet forms a continuous strip of right-of-way as above set forth, and is to include the lateral to the said Intracoastal Canal as herein set forth, as well as the easement or privilege of dumping dirt or laying thereon whatever might be necessary in the construction and maintenance of said lateral.”
 

 The jury of freeholders found that the net acreage expropriated, after deducting from the total acreage found, the acreage presently included in the existing canal, was 33 88/100 acres, and they fixed the damage to the owners at $27.50 per acre. With these matters, however, the court is not now concerned, for.-they are not at issue in this proceeding.
 

 The plaintiffs, under the authority of section 3370 of the Revised Statutes, ruled the police jury of the parish of Iberia into court to show cause why a preliminary injunction should not issue, restraining it from conveying to the United States of America title to the servitude or easement it had acquired by the aforesaid expropriation.
 

 The plaintiffs allege in their petition that the expropriation of their property is void for two reasons. First, because the property is not sought to be expropriated for the public use and benefit, but for the use of private corporations. Second, because of fatal irregularities in the proceedings had in the premises by the police jury and the jury of freeholders.
 

 Plaintiffs’ second contention may be disposed of in a few words. The resolution of the police jury and the report of the jury of freeholders are in the record, and the recitals of both conform to all legal requirements.
 

 We have read the record, in vain, in an effort to find wherein the irregularities alleged in the petition have been proven. In the absence of some proof to the contrary, the documents referred to are entitled to full faith and credit.
 

 With reference to the plaintiffs’ first contention, it is shown that two corporations are located and doing business near the shores of Lake Peigneur; that Lake Peigneur is a shallow body of water, with a muck bed of a character that renders the channeling of it nonfeasible, if not impossible; that the corporations named are eight or ten miles remote from the' nearest point to the proposed lateral canal; that the letters in the record from the Major General of the War Department to the Chief of Engineers, from the Federal Emergency Administration to the Secretary of War, from the Secretary of War, and the map, selected lists, approved statements of expenditures, and the testimony of Maj. Hutchings, found in the record, in our opinion conclusively establish the fact that the lateral canal, which, when completed, will traverse the plaintiffs’ property, is designed by the national government as a part of the inland waterway system of the country and a feeder of the intracoastal canal.
 

 This conclusion disposes of the case, for the purpose of the government is to extend navigation for the benefit of the public, and for
 
 *882
 
 the development of the section bordering the proposed canal.
 

 The judgment appealed from is, therefore, affirmed at appellants’ cost.